**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DAVID ROSSITER,**

       **Plaintiff,**

**-vs-**               Case No. 6:11-cv-840-Orl-18KRS

**AIRTRAN AIRWAYS, INC.,**

       **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES AND FOR SANCTIONS AGAINST DEFENDANT (Doc. No. 26)**
>
> **FILED:**   **August 19, 2011**

   Plaintiff David Rossiter asks that the Court award him attorney's fees pursuant to 28 U.S.C. § 1447(c) based on improper removal of this case from state court by Defendant Airtran Airways, Inc. (Airtran).[1] Airtran responds that an award of fees is not appropriate because, among other things, Rossiter's counsel did not confer with its counsel in a good faith effort to resolve the motion for remand. Doc. No. 27. The motion has been referred to the undersigned for issuance of a Report and Recommendation.

---

[1] Rossiter refers to Fed. R. Civ. P. 11 in his memorandum, but he does not discuss the legal standards for an award of attorney's fees under that rule. Moreover, the relief sought is expressly premised on § 1447(c). *See* Doc. No. 26 at 1. Therefore, I will not address whether Rule 11 sanctions would be warranted in this case.

## I. PROCEDURAL HISTORY.

Rossiter filed his complaint against Airtran in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. He alleged that he was a resident of the State of Georgia, and that Airtran was a Florida corporation with its principal place of business in Orlando, Florida. Each of the causes of action alleged in the complaint arise under state law. Doc. No. 2.

Airtran filed a Notice of Removal of the case to this Court based on diversity jurisdiction. Doc. No. 1. In the Notice of Removal, Airtran acknowledged that it is a citizen of Florida. *Id.* at 3. Airtran also filed a motion to dismiss Rossiter's claims, arguing that his claims were preempted by the Federal Railway Labor Act, 45 U.S.C. § 151 *et seq.,* and that Rossiter had failed to allege that he had exhausted his administrative remedies under a collective bargaining agreement. Doc. No. 6.[2]

On June 9, 2011, Rossiter filed a motion to remand the case to state court. Doc. No. 15. He argued that no diversity jurisdiction existed because Airtran was a citizen of Florida. Doc. No. 15 at 2. He also relied upon 28 U.S.C. § 1441(b), which provides that in cases not arising under the Court's federal question jurisdiction, "the action is removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The motion was not supported by a certification that counsel for Rossiter conferred with counsel for Airtran in a good faith effort to resolve the motion before it was filed.

Airtran sought and was granted an extension of time through June 30, 2011 to respond to the motion. Doc. Nos. 17, 19. Airtran filed its response to the motion for remand on June 28, 2010. In the

---

[2] The United States Court of Appeals for the Eleventh Circuit has held that the doctrine of complete preemption does not extend to the Federal Railway Labor Act. *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1357 (11th Cir. 2003). As such, removal would not have been proper under the complete preemption doctrine.

response, Airtran conceded that, because it is a citizen of Florida for purposes of diversity jurisdiction, it could not remove the case under § 1441(b). Doc. No. 21.

Based on Airtran's response, the Court granted the motion to remand. Doc. No. 22. Thereafter, Rossiter filed the present motion for an award of attorney's fees, Doc. No. 26, to which Airtran has responded. Doc. No. 27.

## II. ANALYSIS.

The removal statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005), the United States Supreme Court wrote, "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." It also wrote that an award of fees under § 1447(c) does not require a showing that defendant's position was "frivolous, unreasonable, or without foundation." *Id.* at 138-39.

In the present case, Rossiter's argument that there is no diversity jurisdiction is incorrect as a matter of law. Rossiter is a citizen of Georgia and Airtran is a citizen of Florida, so complete diversity did exist. There appears to be no dispute that the amount in controversy exceeds $75,000. *See* Doc. No. 1 at 4. However, Rossiter is correct, as Airtran ultimately conceded, that under § 1441(b), removal was improper because Airtran, a citizen of Florida, was not permitted to remove the case.

Counsel for Airtran avers that the failure to consider § 1441(b) was, quite simply, a mistake. *See* Doc. No. 27 at 17. There is no evidence that Airtran removed the case for purposes of prolonging the litigation or to impose costs on the opposing party. Nevertheless, because § 1441(b) is clear on this

point, and Airtran admitted in its Notice of Removal that it is a citizen of Florida for purposes of diversity jurisdiction, removal was not objectively reasonable. *See, e.g., Bujanowski v. Kocontes,* 359 F. App'x 112, 113 (11th Cir. 2009)(per curiam) (unpublished decision cited as persuasive authority).

Airtran argues that the Court should not award attorney's fees because Rossiter's counsel did not confer with Airtran's counsel before filing the motion for remand. It submits that if Rossiter's counsel had conferred, it would have consented to remand without the need for filing the motion. This argument is well taken. Local Rule 3.01(g) requires counsel to confer in a good faith effort to resolve most pretrial motions before they after filed. A motion for remand is not one of the types of motions for which a good faith conference is not required. The record supports Airtran's assertion that counsel for Rossiter did not discuss the basis of the motion for remand with counsel for Airtran before filing the motion. Had he complied with the requirement of this Court's rules, he may not have incurred any attorney's fees as a result of the improper removal.

Counsel for both parties made mistakes with respect to the removal/remand issues. Counsel for Rossiter failed to confer in good faith with counsel for Airtran before filing the motion for remand. He also incorrectly argued in the motion for remand that no diversity jurisdiction exists. Counsel for Airtran candidly concedes that she made a mistake by failing to consider the limitations under § 1441(b). Under these circumstances, I recommend that the Court exercise its discretion to find that an award of attorney's fees is not appropriate in this case.

Should the Court conclude that an award of fees is appropriate, the fees sought by Rossiter are greatly overstated. The issue presented on remand was a simple one – Can a Florida Defendant remove a case to federal court based on diversity jurisdiction? The answer to that question is found in § 1441(b). It should take a competent lawyer no more than five hours to find that answer, confer with

opposing counsel and, if necessary, write a simple and direct motion for remand. Therefore, I recommend that if the Court determines that an award of fees is appropriate, it require Airtran to pay Rossiter $1,000.00.[3]

**III.     RECOMMENDATION.**

For the reasons set forth above, I respectfully recommend that the Court **DENY** Plaintiff's Motion for an Award of Attorney's Fees and for Sanctions Against Defendant (Doc. No. 26). Alternatively, the Court may exercise its discretion to grant the motion, in which case I respectfully recommend that the Court award attorney's fees in the amount of $1,000.00.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 3, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[3] Airtran does not dispute counsel for Rossiter's assertion that $200.00 per hour is a reasonable hourly rate for his work. Doc. No. 27 at 11. Five hours multiplied by $200.00 per hour results in the recommended fee award of $1,000.00.