**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**DAVID ROSSITER,**

                **Plaintiff,**

-vs-                                                  Case No. 6:11-cv-840-Orl-18KRS

**AIRTRAN AIRWAYS, INC.,**

                **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES AND FOR SANCTIONS AGAINST DEFENDANT (Doc. No. 26)** |
| **FILED:** | **August 19, 2011** |

Plaintiff David Rossiter asks that the Court award him attorney's fees pursuant to 28 U.S.C. § 1447(c) based on improper removal of this case from state court by Defendant Airtran Airways, Inc. (Airtran).[1] Airtran responds that an award of fees is not appropriate because, among other things, Rossiter's counsel did not confer with its counsel in a good faith effort to resolve the motion for remand. Doc. No. 27. The motion has been referred to the undersigned for issuance of a Report and Recommendation.

_Approved and ordered and the R&R is adopted._
_KENDALL B. SHARP_
_U.S. DISTRICT JUDGE_

---

[1] Rossiter refers to Fed. R. Civ. P. 11 in his memorandum, but he does not discuss the legal standards for an award of attorney's fees under that rule. Moreover, the relief sought is expressly premised on § 1447(c). See Doc. No. 26 at 1. Therefore, I will not address whether Rule 11 sanctions would be warranted in this case.